[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In a Petition For Writ of Habeas Corpus dated February 2, 1995, the Petitioner, Pedro Tosado, claims that he is presently unconstitutionally detained in the custody of Senior Probation Officer of the State of Connecticut, R. Douglas Ramsey.
On May 12, 1987, Pedro Tosado was arrested and charged with the unlawful possession of heroin, with an intent to sell, in violation of § 21a-278(b) of the Connecticut General Statutes. Assistant Public Defender, William R. Schipul filed an appearance on his behalf.
On July 28, 1987, Attorney Schipul filed a Motion For Psychiatric Examination, which was granted on August 5, 1987. Thereafter, on August 12, 1987, Pedro Tosado was examined at the Bridgeport Correctional Center by a three person criminal team from CT Page 10022 the Department of Mental Health. The team, in a unanimous opinion, determined that Pedro Tosado neither understands the legal proceedings against him nor can be cooperate with his counsel in his own defense. The team felt that there was a substantial probability that he can regain his competency in the foreseeable future. After a hearing, the court ordered Pedro Tosado to be placed with the Commissioner of Public Health for treatment as an inpatient at Fairfield Hills Hospital for a maximum period of ninety days.
On September 30, 1987, Sander H. Fogel, M.D., of Fairfield Hills Hospital, performed a psychiatric evaluation of Pedro Tosado.
Her report states, inter alia, that Pedro Tosado's diagnosis was paranoid schizophrenia. "He felt himself the victim of a governmental conspiracy to entrap him, and believed that electrical devices had been implanted in his spine to monitor and track him. He strongly resisted accepting medication, but he has been on Haldol since September 16, 1987, and now receives 15mg QID without further resistance."
Dr. Fogel's report concludes by stating, "Therefore, it is not felt he requires further hospitalization at this time, and that he is ready to return to court for a competency hearing."
On January 8, 1988, the Superior Court Part A, Bridgeport, ordered the Commissioner of Public Health to effect a competency examination on Pedro Tosado. The examination was conducted at the Bridgeport Correctional Center on January 21, 1988. The three person clinical team concluded that Pedro Tosado is currently competent to stand trial in that he is aware of courtroom proceedings and can assist in his own defense.
On June 23, 1987, the petitioner pleaded not guilty to the crime of violation of the State dependency producing drug law, in violation of § 21-278(b) of the Connecticut General Statutes.
On October 21, 1987, before the Honorable John P. Maiocco, Jr., Pedro Tosado changed his plea to guilty under the Alford Doctrine. At the hearing, Pedro Tosado, was represented by Attorney W. Erskine McIntosh substituting for Attorney Schipul. After an extensive plea canvas, Judge Maiocco accepted the guilty plea with a recommendation that petitioner receive a ten year sentence, suspended after five years, with probation to be determined at the time of sentencing. CT Page 10023
During the plea canvas the petitioner stated that he had taken a medication known as Haldol but that it had no adverse effect on his guilty plea.
Pedro Tosado appeared before this court in the late spring of 1995. At that time, it was apparent that Mr. Tosado would have difficulty in presenting his case. The file indicated that he had difficulty working with other attorneys who had previously been appointed to represent him.
The court explained the burden that petitioner faced if he was to prevail in this case. After discussion, it was agreed that Timothy Aspenwall, Esq. would be appointed special public defender for the petitioner.
At the trial it was apparent that petitioner had determined to continue his pro se conduct of the trial. Attorney Aspenwall's role, with a few exceptions, was limited to the examination of the petitioner.
The petitioner's probation period will terminate on December 10, 1995.
The petitioner, through the court reporters, introduced, as exhibits, the transcript of the change of pleas hearing on October 27, 1987 and the transcript of the sentencing hearing on March 18, 1988.
The petitioner called Vincent Franco, Ph.D., Supervising Psychologist III-Clinical, of Fairfield Hills Hospital, who testified that he had supervised and signed the psychological evaluation of petitioner, (Plaintiff's Exhibit C). Dr. Franco did not have any medical reports nor did he know what treatment or medication that Pedro Tosado may have taken at the time the test was taken.
W. Erskine McIntosh, Esq., the attorney who represented the petitioner at the change of plea hearing, testified that he did not remember if he talked with Mr. Tosado on the morning of the hearing. He did testify, however, that if he thought Mr. Tosado had a problem with the plea he would have advised the court. Attorney McIntosh and the court at the change of plea hearing, were aware that petitioner was taking Haldol medication. CT Page 10024
Mr. Tosado's testimony shed no light on his claim that his plea was not voluntary. No evidence was introduced on the effect of Haldol and its relationship to his condition at the change of plea hearing.
Petitioner testified at length that the court lacked jurisdiction because he had been abducted from New York and taken to Connecticut to be prosecuted. The court finds that this claim lacks merit.
Although no credible evidence was introduced, petitioner, in the voluminous pleadings, appears to be claiming ineffective assistance of trial counsel.
The petitioner did not meet the standards as set forth inStrickland v. Washington, 466 U.S. 668. In fact, he offered no evidence that his counsel's performance was deficient and the deficient performance prejudiced his defense.
Pedro Tosado was well mannered and well spoken throughout his appearance in court. He did not, however, meet the burden of proof required for his Habeas-Corpus Petition.
For the above reasons, the petition is denied.
R. Tobin, Judge